Thomas Lether, OSB # 101708
Eric J. Neal, OSB #110268
Westin McLean, OSB #094389
LETHER LAW GROUP
1848 Westlake Ave N,
Seattle, WA  98109
T: 206-467-5444
F: 206-467-5544
tlether@letherlaw.com
eneal@letherlaw.com
wmclean@letherlaw.com
*Attorneys for Plaintiff Artisan and
Truckers Casualty Company*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| ARTISAN AND TRUCKERS CASUALTY COMPANY, a foreign insurer;<br><br>Plaintiff,<br><br>vs.<br><br>VENDORS ARE WE, LLC, an Oregon corporation; SETH SAIDMAN, an individual; and the ESTATE OF EDMOND JONES,<br><br>Defendants. | Case No. 3:21-cv-208<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

## I.     INTRODUCTION

1.     This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Artisan and Truckers Casualty Company (hereinafter "Progressive") seeks a determination that it has no duty to defend or indemnify Vendors Are We, LLC (hereinafter "Vendors") and Mr. Seth Saidman under a commercial automobile policy of insurance issued by Progressive with respect to the claims brought by the Estate of Edmond Jones (hereinafter, the

"Estate") against Vendors and Mr. Saidman, described below.

## II.  PARTIES

2. Progressive is a foreign surplus lines insurance company organized under the laws of the State of Ohio with its principal place of business in the State of Ohio .

3. Vendors is an Oregon limited liability company. Upon information and belief, all members of Vendors are residents and citizens of the State of Oregon.

4. Mr. Saidman is a resident and citizen of the State of Oregon and a member of Vendors.

5. Upon information and belief, the Estate is a resident of the State of Nevada.

## III.  JURISDICTION AND VENUE

6. This Court has jurisdiction over this claim pursuant 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity amongst the parties is complete.

7. Venue is proper with this Court pursuant to 28 U.S.C. § 1391 and local court rules as this case involves claims for insurance coverage under a policy of insurance issued in the State of Oregon to a limited liability company organized under the laws of the State of Oregon.

## IV.  FACTS

### A.  The Subject Accident

8. Progressive reasserts paragraphs 1-7 as though fully set forth herein.

9. Vendors is a catering business that sells food and other items at festivals and events.

10. At all relevant times, Mr. Saidman was acting in his capacity as a member of Vendors.

11. At some time in September of 2019, Mr. Saidman flew from Oregon to Reno,

Nevada, and was driving from Reno, Nevada to Tahoe, California for business purposes. Specifically, Mr. Saidman was investigating potential business opportunities for Vendors in the area.

12. Mr. Saidman rented a 2020 Kia Sorento VIN 5XYPG4A55LG614679 (the "subject vehicle") from the Reno airport for use on his business trip.

13. On or about September 28, 2019, Mr. Saidman was driving in Virginia City, Nevada on Highway 341/Geiger Road. At approximately 12:30 PM, Mr. Saidman was side swiped by a motorcycle operated by Mr. Edmond Jones.

14. Mr. Jones sustained fatal injuries as a result of the subject accident.

15. Upon information and belief, the Estate intends to file suit against Vendors and/or Mr. Saidman for claims arising out of the subject accident.

16. Mr. Saidman reported the subject accident to Progressive on or about September 29, 2019. Thereafter, Progressive promptly opened a claim and initiated its claims investigation.

**B.    The Commercial Auto Policy Issued by Progressive**

17. Progressive issued a commercial automobile liability policy, policy No. 00466649-001 to Vendors, which was in effect from September 1, 2019 to March 1, 2020 (hereinafter referred to as the "Policy").

18. Vendors is the first named insured according to the Declarations of the Policy.

19. Mr. Saidman is a rated driver under the Policy according to the Policy's Declarations.

20. The Policy only provides coverage for an accident arising out of the ownership, maintenance, or use of an "insured auto", as that term is defined.

21. The subject vehicle is not listed on the auto coverage schedule of the Policy's

Declarations.

22. Upon information and belief, the autos listed on the Policy's declarations page were not replaced permanently or temporarily by the subject vehicle due to termination of ownership, mechanical breakdown, loss, inoperability, repairs, or servicing.

23. The Policy provides a $500,000 combined single limit of liability for bodily injury and property damage combined.

24. The Policy contains the following Insuring Agreement:

### PART I - LIABILITY TO OTHERS

**INSURING AGREEMENT - LIABILITY TO OTHERS**

Subject to the Limits of Liability, if **you** pay the premium for liability coverage, **we** will pay damages for **bodily injury, property damage,** and **covered pollution cost or expense,** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of an **insured auto.** However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY**

A. When used in Part I - Liability To Others, **insured** means:
  1. **You** with respect to an **insured auto**.
  2. Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow except:
     (a) A person while he or she is working in a business of selling, leasing, repairing, parking, storing, servicing, delivering or testing **autos**, unless that business is **yours** and it was so represented in **your** application.
     (b) A person, other than one of **your** employees, partners (if **you** are a partnership), members (if **you** are a limited liability company), officers or directors (if **you** are a corporation), or a lessee or borrower or any of their employees, while he or she is moving property to or from an **insured auto.**

      (c) The owner or anyone else from whom the **insured auto** is leased, hired, or borrowed unless the **insured auto** is a **trailer** connected to a power unit that is an **insured auto**. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.
    For purposes of this subsection A.2., an **insured auto you** own includes any **auto** specifically described on the **declarations page**.
  3. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I - Liability To Others.
[…]
B. When used in Part I - Liability To Others, **insured auto** also includes:
  1. **Trailers** designed primarily for travel on public roads, while connected to **your insured auto** that is a power unit;
  2. **Mobile equipment** while being carried or towed by an **insured auto**; and
  3. Any **temporary substitute auto**.
[…]
**"Property damage"** means physical damage to, or destruction of, or loss of use of, tangible property.

6912 (06/10) as amended by 4881 OR (05/11)

    25.    The Policy's General Definitions define an "insured auto" as follows:

5. "**Insured auto**" or "**your insured auto**" means:
  a. Any **auto** specifically described on the **declarations page**; or
  b. An additional **auto** for Part I - Liability To Others and/or Part II - Damage To Your Auto on the date **you** become the owner if:
    (i) **you** acquire the **auto** during the policy period shown on the **declarations page**;
    (ii) **we** insure all **autos** owned by **you** that are used in **your** business;
    (iii) no other insurance policy provides coverage for that **auto**; and
    (iv) **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage.
  If **you** add any coverage, increase **your** limits or make any other changes to this policy during the 30 day period after **you** acquire an additional **auto**, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits or make such changes for the additional **auto**. **We** may charge premium for the additional **auto** from the date **you** acquire the **auto**.

  With respect to Part I - Liability To Others, if **we** provide coverage for an additionally acquired **auto** in accordance with this paragraph b., **we** will provide the same coverage for such additional **auto** as **we** provide for any **auto** shown on the **declarations page**.
[…]
  c. Any replacement **auto** on the date **you** become the owner if:

      (i) **you** acquire the **auto** during the policy period shown on the **declarations page**;
     (ii) the **auto** that **you** acquire replaces one specifically described on the **declarations page** due to termination of **your** ownership of the replaced **auto** or due to mechanical breakdown of, deterioration of, or **loss** to the replaced **auto** that renders it permanently inoperable; and
    (iii) no other insurance policy provides coverage for that **auto**.

If **we** provide coverage for a replacement **auto**, **we** will provide the same coverage for the replacement **auto** as **we** provide for the replaced **auto**. **We** will provide that coverage for a period of 30 days after **you** become the owner of such replacement **auto**. **We** will not provide any coverage after this 30 day period unless within this period **you** ask **us** to insure the replacement **auto**. If **you** add any coverage, increase **your** limits or make any other changes to **your** policy during this 30 day period, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits or make such changes.

[…]

14. "**Temporary substitute auto**" means any **auto you** do not own while used with the permission of its owner as a temporary substitute for an **insured auto** that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction.

6912 (06/10)

    26.    The Policy includes the following provisions with regard to an insured's duties in the event of an accident or loss:

## **DUTIES IN THE EVENT OF AN ACCIDENT OR LOSS**

For coverage to apply under this policy, **you** or the person seeking coverage must promptly report each **accident** or **loss** even if **you** or the person seeking coverage is not at fault. Refer to your policy documents for the claims phone number.

**You** or the person seeking coverage must also obtain and provide **us** the names and addresses of all persons involved in the **accident** or **loss**, the names and addresses of any witnesses, and the license plate numbers of the vehicles involved.

**You,** or any other person or organization claiming coverage as an insured, must also notify the police within 72 hours or as soon as practicable if:
- the owner or operator of a vehicle involved in the **accident** cannot be identified; or
- theft or vandalism has occurred.

A person seeking coverage must:
1. cooperate with **us** in any matter concerning a claim or lawsuit;

2. provide any written proof of loss **we** may reasonably require;
3. allow **us** to take signed and recorded statements, including sworn statements and examinations under oath, which **we** may conduct outside the presence of **you**, a **relative**, or any person claiming coverage, and answer all reasonable questions **we** may ask as often as **we** may reasonably require;
4. promptly call **us** to notify **us** about any claim or lawsuit and send **us** any and all legal papers relating to any claim or lawsuit;
5. attend hearings and trials as **we** require;
6. submit to medical examinations at **our** expense by doctors **we** select as often as **we** may reasonably require;
7. authorize **us** to obtain medical and other records;
8. take reasonable steps after a **loss** to protect the **insured auto** from further **loss**. **We** will pay reasonable expenses incurred in providing that protection. If failure to provide such protection results in further loss, any additional damages will not be covered under this policy;
9. allow **us** to have the damage to an **insured auto** or other **auto** involved in an **accident** or **loss** inspected and appraised before its repair or disposal; and
10. authorize **us** access to **your** business or personal records as often as **we** may reasonably require.

6912 (06/10) as amended by 4881 OR (05/11)

27.     The Policy includes the following definitions which are relevant to the foregoing provisions:

1. "**Accident**" means a sudden, unexpected and unintended event, or a continuous or repeated exposure to that event, that causes **bodily injury** or **property damage**.

2. "**Auto**" means a land motor vehicle or **trailer** designed for travel on public roads, or any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged. It does not include **mobile equipment**. Self-propelled vehicles with the following types of permanently attached equipment are **autos**, not **mobile equipment**:
   a. equipment designed and used primarily for:
      (i) snow removal;
      (ii) road maintenance, but not construction or resurfacing;
      (iii) street cleaning;
   b. cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and
   c. air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well-servicing equipment.

3. "**Bodily injury**" means bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease.

4. "**Declarations**" or "**declarations page**" means the document prepared by **us** listing **your** policy information, which may include the types of coverage **you** have elected, the limit for each coverage, the cost for each coverage, the specifically described autos covered by this policy, and the types of coverage for each specifically described auto.

[…]

7. "**Loss**" means sudden, direct and accidental loss or damage.

[…]

16. "**We**", "**us**" and "**our**" mean the company providing this insurance as shown on the **declarations page**.

17. "**You**", "**your**" and "**yours**" refer to the named insured shown on the **declarations page**.

6912 (06/10) as amended by 4881 OR (05/11)

28. Progressive reserves the right to assert any other policy language or policy coverage forms that may be potentially applicable to the subject claims and the claims asserted by the Estate against Vendors and/or Mr. Saidman arising out of the subject accident.

### V.    THERE IS AN ACTUAL AND JUSTICIABLE CONTROVERSY AS TO PROGRESSIVE'S COVERAGE OBLIGATIONS UNDER THE POLICY

29. Progressive reasserts paragraphs 1-28 as though fully set forth herein.

30. There is no coverage available to Vendors or Mr. Saidman for the claims arising out of the subject accident.

31. The Policy provides that Progressive will pay damages for bodily injury and property damage for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance or use of an "insured auto." "Insured auto" is defined to include a "temporary substitute auto"; any auto listed on the declarations page; and any replacement auto that is acquired to replace an auto listed on the declarations page due to termination of ownership, mechanical breakdown, loss or inoperability. "Temporary substitute auto" means an auto an

insured does not own while used as a temporary substitute for an insured auto that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction.

32. There is an actual and justiciable controversy as to whether Vendors is legally responsible for damages because of an accident arising out of the ownership, maintenance or use of an "insured auto", as that term is defined.

33. There is an actual and justiciable controversy as to whether the subject vehicle qualifies as an "insured auto" under the Policy.

34. There is an actual and justiciable controversy as to whether the subject vehicle replaced any of the autos listed on the Policy's declarations page due to termination of ownership, mechanical breakdown, loss or inoperability.

35. There is an actual and justiciable controversy as to whether the subject vehicle qualifies as a "temporary substitute auto" under the Policy.

36. Progressive reserves the right to assert any other exclusions or grounds for which coverage for the claims against Vendors and Mr. Saidman may be excluded under the Policy.

## VI. FIRST CAUSE OF ACTION – DECLARATORY RELIEF
(Against All Defendants)

37. Progressive reasserts paragraphs 1-36 as though fully set forth herein.

38. Progressive is entitled to Declaratory Judgment in its favor, specifically including a judicial determination as to its defense and indemnity obligations to Vendors, their agents, employees, or executive officers and Mr. Saidman under the Policy of insurance issued by Progressive for the claims arising from the subject accident.

## VII. PRAYER FOR RELIEF

Progressive, having alleged the foregoing, does now, hereby, pray for relief as follows:

1. For a declaration that Progressive owes no defense obligation to Vendors or Mr.

Saidman for any claims arising from the subject accident.

2. For a declaration that Progressive owes no indemnity obligation to Vendors or Mr. Saidman for any claims arising from the Subject Accident.

3. For a declaration that the Estate is bound by any judicial declarations in this matter involving the Policy.

4. For all interest allowed by law.

5. For attorney fees and costs allowed by statute and law.

6. For other and further relief as the Court deems just and equitable.

DATED this 8th day of February, 2021.

LETHER LAW GROUP

*/s/ Thomas Lether*
*/s/ Eric J. Neal*
*/s/ Westin McLean*
Thomas Lether, OSB # 101708
Eric J. Neal, OSB #110268
Westin McLean, OSB #094389
LETHER LAW GROUP
1848 Westlake Avenue N.
Seattle, WA 98109
Telephone: 206-467-5444
Facsimile: 206-4675544
tlether@letherlaw.com
eneal@letherlaw.com
wmclean@letherlaw.com
*Attorneys for Plaintiff Artisan and Truckers Casualty Company*

COMPLAINT FOR DECLARATORY RELIEF- 10